People v Masih (2022 NY Slip Op 02211)





People v Masih


2022 NY Slip Op 02211


Decided on March 31, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 31, 2022

Before: Gische, J.P., Oing, Scarpulla, Shulman, Higgitt, JJ. 


Ind No. 1798/18 Appeal No. 15614 Case No. 2020-01062 

[*1]The People of the State of New York, Respondent,
v
Xavier Masih, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Elizabeth M. Vasily of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (John T. Hughes of counsel), for respondent.



Judgment, Supreme Court, New York County (Michele Rodney, J.), rendered December 20, 2019, as amended June 22, 2020, convicting defendant, upon his plea of guilty of criminal possession of a weapon in the second degree and grand larceny in the fourth degree, and sentencing him, as a second violent felony offender, to an aggregate term of eight years, unanimously affirmed.
The People do not challenge defendant's claim that his waiver to his right to appeal was invalid.
We find that the hearing court properly denied defendant's suppression motion. The police had, at least, a founded suspicion of criminality afoot warranting a common-law inquiry (see People v Moore, 6 NY3d 496, 498 [2006]). Based on the totality of circumstances, including an anonymous tip giving an accurate description and location of a man with a firearm, the spatial and temporal factors, and police observations of defendant at the location identified manipulating a noticeable pocket bulge. Defendant's active flight at the approach of the police then created at least reasonable suspicion justifying pursuit (see id. at 500-501).
We also perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 31, 2022